UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

MAGNETEK, INC.,

        Plaintiff,

    v.

THE TRAVELERS INDEMNITY COMPANY,
TRAVELERS CASUALTY AND SURETY COMPANY
f/k/a THE AETNA CASUALTY AND SURETY
COMPANY, and VELSICOL CHEMICAL, LLC,

        Defendants.

**FIRST AMENDED COMPLAINT**

Civil Action No.:
1:17-cv-3173-RWG

---

Plaintiff, Magnetek, Inc. ("Magnetek"), by its attorneys, Phillips Lytle LLP, for its complaint against the defendants, states:

## NATURE OF THE ACTION

1. This action concerns the Travelers Defendants' refusal to honor their obligations under certain insurance Policies (defined below). Plaintiff's predecessors purchased the Policies from the Travelers Defendants and timely paid all premiums. The coverage period at issue is from October 1, 1969, through November 1, 1978.

2. Recently, Plaintiff has been tendered the defense and indemnification of certain claims based on injuries allegedly caused by its predecessor's purchase and dissemination of certain "PCBs" (defined below) during the coverage period. Plaintiff has sought defense and indemnification from the Travelers Defendants based on the Policies. The Travelers Defendants, however, have refused to honor their obligations under the Policies.

## PARTIES

3. Plaintiff was incorporated under the laws of the State of Delaware and has a principal place of business in Menomonee Falls, Wisconsin.

4. Defendant The Travelers Indemnity Company ("Travelers") is a corporation incorporated under the laws of State of Connecticut and has a principal place of business in Connecticut.

5. Defendant Travelers Casualty and Surety Company, f/k/a The Aetna Casualty and Surety Company ("Travelers Casualty"), is a corporation incorporated under the laws of Connecticut and has a principal place of business in Connecticut.

6. Defendant Velsicol Chemical, LLC ("Velsicol") is a limited liability company organized under the laws of Delaware and has a principal place of business in Rosemont, Illinois. Velsicol moved to intervene as a defendant after the commencement of this action, and the Court granted its motion on January 30, 2018.

## JURISDICTION

7. The matter in controversy exceeds the sum specified by 28 U.S.C. § 1322, exclusive of interest and costs.

8. Subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Although the intervening defendant Velsicol is a non-diverse party, the Court retains jurisdiction following Velsicol's intervention. *Am. Nat'l Bank & Trust Co. of Chicago v. Bailey*, 750 F.2d 577, 582 (7th Cir. 1984).

## BACKGROUND

9. Magnetek is the successor by merger to Universal Manufacturing Corporation ("UMC"). Magnetek acquired UMC from UMC's former parent,

Farley/Northwest Industries, Inc. ("Farley/NWI"), pursuant to a Stock Purchase Agreement dated January 9, 1986 (the "SPA") and ancillary agreements.

10. Pursuant to the SPA, and as the successor to UMC, Magnetek acquired rights in certain insurance policies, including at least seven policies issued by defendant Travelers: Policies TRNSL-909307; T-KSPL-909321; SPL-106T2222; NSL-106T2209-73; SPL 106T2222; SPL-149T8668; NSL 106T2209-76 (each a "Policy" and collectively, the "Policies"). Together, the Policies cover the period from October 1, 1969 to November 1, 1978 (the "Policy Periods").

11. Prior to Magnetek's acquisition of UMC, UMC's business was to manufacture fluorescent light fixtures and ballasts. Certain of the lighting ballasts manufactured by UMC prior to 1979 incorporated polychlorinated biphenyls ("PCBs") in their design.

12. UMC acquired PCBs for use in its manufacturing process from the Monsanto Company ("Monsanto").

13. In 1972, Monsanto required UMC to execute a "Special Undertaking by Purchasers of Polychlorinated Biphenyls" ("Special Undertaking"). UMC executed the Special Undertaking on January 7, 1972.

14. The Special Undertaking purports to require UMC to defend and indemnify Monsanto for liabilities, claims, and damages arising out of or in connection with UMC's receipt, purchase, possession, handling, use, sale or disposition of PCBs.

15. Upon information and belief, a number of claimants have filed lawsuits or asserted claims against Monsanto's alleged successors and affiliates, alleging various bodily injuries and property damage allegedly related to PCBs.

16. On August 29, 2016, the purported successors of Monsanto (the "<u>Monsanto Successors</u>") wrote to Magnetek to demand that Magnetek, as the successor to UMC, defend and indemnify the Monsanto Successors in connection with "all current and future PCB-related litigation wherein Old Monsanto is, or will be, named as a defendant" ("<u>Monsanto Demand</u>"). The Monsanto Successors identified 46 pending actions as the subject of the tender ("<u>Underlying Actions</u>").

17. On September 7, 2016, Magnetek notified Travelers of the Monsanto Demand and the Underlying Actions and requesting that Travelers defend and indemnify Magnetek under all applicable policies.

18. To date, Travelers has failed and/or refused to accept Magnetek's tender and defend Magnetek with respect to the Monsanto Demand and the Underlying Actions.

19. In response to Magnetek's tender, Travelers alleged that Velsicol was obligated to defend and indemnify Travelers in connection with Magnetek's tender of the Monsanto Demand pursuant to the terms of a confidential settlement agreement between Travelers and Velsicol.

20. Magnetek is not in privity of contract with Velsicol, has no relationship with Velsicol, and has never made any demand that Velsicol defend and indemnify Magnetek or provide insurance coverage to Magnetek. Accordingly, there is no actual justiciable controversy between Magnetek and Velsicol.

21. Upon information and belief, Velsicol is reserving its right to, and ultimately will, challenge its alleged obligation to indemnify Defendant.

22. After the commencement of this action, the claims asserted in the Monsanto Demand ripened into litigation.

23. Magnetek commenced a declaratory judgment action in Superior Court of New Jersey, Bergen County, Docket No. BER-L-003362-17 (the "New Jersey Action"). Magnetek's complaint in the New Jersey Action seeks declarations that the Special Undertaking on which the Monsanto Demand was based is void and unenforceable, in whole or in part, based on, inter alia, Monsanto's fraudulent concealment of the potential hazards of PCBs from its customers, including UMC.

24. In response, the Monsanto Successors commenced an action in the Circuit Court of St. Louis County, Missouri, Case No. 17SL-CC03368 (the "Missouri Action"). In the Missouri Action, the Monsanto Successors assert causes of action for defense and indemnification against Magnetek in connection with the 46 Underlying Actions identified in the Monsanto Demand pursuant to the terms of the Special Undertaking. The Monsanto Successors also assert claims sounding in negligence and negligent misrepresentation. Monsanto's negligence cause of action is effectively a claim for contribution in the 46 Underlying Actions and alleges that, inter alia, UMC breached a duty of care by allowing PCBs purchased from Monsanto to escape from, inter alia, products manufactured by UMC and/or as a result of accidental spills. By letter dated January 23, 2018, Magnetek notified Travelers of the New Jersey Action and the Missouri Action and renewed its September 7, 2016 tender seeking defense and indemnification from Travelers under all potentially applicable Policies.

25. Travelers rejected Magnetek's renewed tender. By letter dated February 13, 2018, Travelers' Specialty Liability Group Director Kristy E. Rousseau denied the tender and referred Magnetek to counsel for Velsicol.

## FIRST CLAIM
### (Declaratory Judgment – Duty to Defend)

26. Magnetek repeats and realleges the foregoing paragraphs as if fully restated herein.

27. Pursuant to the Policies, Travelers owes Magnetek a duty to defend in connection with the Monsanto Demand, the Underlying Actions, the New Jersey Action, and/or the Missouri Action, as well as any other current or future PCB-related claims relating to or arising from occurrences during the Policy Periods.

28. The Policies require Travelers to pay on behalf of the Insured all sums which the Insured shall be legally obligated to pay arising out of any occurrence during the term of each Policy.

29. The Policies require Travelers to defend Magnetek from any suit alleging damages that are payable under the Policies, even if any of the allegations of the suit are groundless, false or fraudulent.

30. As Magnetek's insurer, Travelers has an independent obligation to defend Magnetek that is broader than the duty to indemnify. The duty to defend arises when the complaint falls potentially within coverage of the subject policy.

31. No exclusions in the Policies apply to Travelers' coverage obligations owed to Magnetek.

32. Because no exclusions apply to preclude coverage, Travelers owes Magnetek a duty to defend claims by the Monsanto Successors and any other future claims arising out of UMC's alleged acts or omissions during the Policy Periods.

## SECOND CLAIM
### (Declaratory Judgment - Indemnification)

33. Magnetek repeats and realleges the foregoing paragraphs as if fully restated herein.

34. In the event Magnetek is held liable for personal injury, bodily injury, and/or property damage, Travelers has a duty to indemnify Magnetek for all such liabilities caused by or arising out of an occurrence during the Policy Periods.

35. No exclusions in the Policies apply to Travelers' coverage obligations owed to Magnetek.

36. To the extent that some or all of the occurrences giving rise to the Monsanto Demand, the Underlying Actions, the New Jersey Action, and/or the Missouri Action occurred during the Policy Periods, Travelers is obligated to indemnify Magnetek.

## THIRD CLAIM
### (Breach of Contract)

37. Magnetek repeats and realleges the foregoing paragraphs as if fully restated herein.

38. Travelers has a duty to defend Magnetek in connection with the Monsanto Demand, the Underlying Actions, the New Jersey Action, the Missouri Action, and/or any other current or future PCB-related claims relating to or arising from occurrences during the Policy Periods.

39. Despite Magnetek's requests for a defense, Travelers has refused to defend Magnetek.

40. Magnetek and its predecessor, UMC have performed their obligations under the Policies.

41. Travelers breached its contractual duty to defend by failing and/or refusing to defend Magnetek from claims by the Monsanto Successors.

42. Travelers is obligated to pay Magnetek for all damages arising from Travelers' breach of its duty to defend.

## **JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands a trial by jury of all issues triable of right by jury.

WHEREFORE, plaintiff demands judgment against defendant:

(a) declaring that Travelers owed and continues to owe a duty to defend to Magnetek;

(b) declaring that Travelers must indemnify Magnetek in connection with the Monsanto Demand, the Underlying Actions, the New Jersey Action, the Missouri Action, and/or any other current or future PCB-related claims relating to or arising from occurrences during the Policy Periods;

(c) awarding Magnetek damages on its third claim for all damages arising from Travelers' breach of the duty to defend, including attorneys' fees and costs incurred by Magnetek;

(d) granting Magnetek the costs, disbursements and attorneys' fees of this action; and

(e) granting such other relief as the Court deems just and proper.

Dated: Buffalo, New York
September 25, 2019

PHILLIPS LYTLE LLP


By: /s/ Ryan A. Lema
　　　Craig A. Leslie
　　　Ryan A. Lema
Attorneys for Plaintiff
*Magnetek, Inc.*
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
cleslie@phillipslytle.com
rlema@phillipslytle.com

RATHJE WOODWARD LLC
Timothy D. Elliott
Charles L. Philbrick
300 E. Roosevelt Road, Suite 300
Wheaton, Illinois 60187
Telephone No. (630) 510-4910
TElliott@rathjewoodward.com
CPhilbrick@rathjewoodward.com

Attorneys for Plaintiff
*Magnetek, Inc.*

Doc #01-3106494