**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Magnetek, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 17-cv-3173 |
| | ) | |
| The Travelers Indemnity Company and | ) | Judge Robert W. Gettleman |
| Travelers Casualty and Surety Company f/k/a | ) | |
| The Aetna Casualty and Surety Company, | ) | |
| and Velsicol Chemical, LLC.Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**VELSICOL'S REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Steven P. Blonder (#6215773)
Joanne A. Sarasin (#6191817)
**Much Shelist, P.C.**
191 N. Wacker Drive, Ste. 1800
Chicago, Illinois 60606
312-521-2000
sblonder@muchlaw.com
jsarasin@muchlaw.com

## INTRODUCTION

The Motion to Compel seeks the production of certain limited documents from Plaintiff, most (if not all) of which have already been ordered to be produced by the judge overseeing the companion case currently pending in the Circuit Court of Cook County. Moreover, Plaintiff's response to the Motion to Compel fails to even address its insufficient boilerplate objections (which run afoul of local practice) or justify its refusal to produce materials in response to Request No. 1, seeking "All Communications with Monsanto." Thus, Plaintiff has conceded that the i) Motion to Compel must be granted with respect to Request No. 1 and that ii) its general objections must be stricken.

Plaintiff's Response does attempt to support its objections based on attorney client privilege and the work product doctrine, but those arguments are meritless. Indeed, as noted above, Plaintiff has already made some of these same arguments in the state court proceedings and lost.

As it did in state court, Plaintiff attempts to avoid Illinois law, which would require disclosure, instead insisting that this Court apply New York law to issues concerning attorney-client privilege. As detailed herein, Plaintiff has failed to meet its burden to have this Court abandon Illinois law in favor of the law of New York, a state whose only connection to any party in this case is that Plaintiff, a Delaware corporation with its principal place of business in Wisconsin, chose to have New York-based lawyers represent it.

With respect to the work product doctrine, Plaintiff argues that although it may not be able to shelter its documents under Illinois law, federal law that applies to the work product doctrine affords protection. But as set forth below, the federal law on work product does not protect the documents at issue any more than the law of Illinois does.

Also, as set forth in Velsicol's opening motion, even if Plaintiff's objections based on privilege were valid, it has waived those objections by failing to comply with the requirements of Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff's Response to the Motion to Compel fails to even offer a response with respect to its lack of compliance to Rule 34 and offers no good justification for the failure to adhere to the requirements of Rule 26.

## ARGUMENT

### A. Plaintiff Has Conceded That It Had No Proper Basis For Its General Objections Nor For Any Of Its Objections To Request No. 1.

As set forth in the Opening Motion to Compel, Plaintiff made almost a dozen boilerplate objections to the discovery requests, which are impermissible under federal law. (See, Motion at ¶¶'s 18-19.) Plaintiff has not even attempted to respond to the motion on this point, thus conceding that those objections are entirely improper. *MCI WorldCom Network Services, Inc. v. Atlas Excavating, Inc.*, 02 C 4394, 2006 WL 3542332, at *3 (N.D. Ill. Dec. 6, 2006) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession.") This Court should therefore overrule those objections. Plaintiff has also failed to make any response to the Motion to Compel with regards to Request No.1, seeking "All Communications with Monsanto." As the motion noted, there was no basis for withholding those documents, as no privilege could attach to any communication with a third party. Because Plaintiff has conceded the argument by not responding, this Court should order Plaintiff to immediately turn over all responsive documents, without regard to any claim of privilege in connection with Request No. 1.

2

### B.  Plaintiff Cannot Avoid Discovery Based On Any Purported Attorney Client Privilege.

1.  Under the Illinois Supreme Court decision in *Waste Management*, Plaintiff Cannot Evade Production Based on Attorney-Client Privilege.

While conceding that it has no basis for failing to produce documents in response to Request No. 1, Plaintiff has attempted to evade discovery with respect to the two other requests relying, *inter alia,* on a claim of attorney-client privilege. But as explained at length in the opening Motion to Compel, a party (like Plaintiff) who is seeking insurance coverage for an underlying claim by a third party cannot invoke confidentiality-based privileges against the insurer from whom it seeks coverage for those claims, with regards to documents relating to the underlying dispute. *Waste Mgmt., Inc. v. Int'l Surplus* Lines *Ins. Co.*, 144 Ill. 2d 178, 185–86, 579 N.E.2d 322, 324–25 (1991). Plaintiff tries to avoid the holding of *Waste Management* by urging this Court to apply New York law, which it claims is in conflict with the holding in *Waste Management*. But Plaintiff has failed to meet the burden it carries in order to have this Court abandon Illinois law and apply the law of New York.

2.  Defendant has Failed to Establish any Conflict Under New York Law with the Decision in *Waste Management*.

Plaintiff concedes that Illinois law must determine the question of attorney-client privilege, but claims that under Illinois' conflict of law analysis, the law of New York should be applied. But Plaintiff has failed to establish that Illinois law would dictate that a conflict of law analysis should even be used in this case.  The Illinois Supreme Court has made clear that before a court can engage in any conflict of law analysis, the party urging such has "the burden of demonstrating [that] an actual conflict exists between [the law of] Illinois and [the law of the state, it claims should be applied]." *Bridgeview Health Care Ctr., Ltd. v. State Farm Fire & Cas. Co.*, 2014 IL 116389, ¶¶ 24-26. And in order to demonstrate such a conflict, the party claiming it must be able to cite to

authority from a **state court** which is indisputably in conflict with the law of Illinois. *Id.* Here, Plaintiff has failed to cite to even a single New York state court authority involving an insurer and their policyholders to support its contention that New York law is in conflict with the holding of *Waste Management*, thus even justifying a conflict of law analysis.

The only case that Plaintiff cites involving the right to claim attorney-client privilege by an insurance policyholder is a federal district court case. See, Plaintiff's Brief at P. 6. citing, *Newmont., 800 F. Supp. 1195. Under identical circumstances, the Illinois Supreme Court held that the defendant had failed to establish any conflict in the law. *Bridgeview,* 2014 IL 116389, ¶26 (defendant cited to no Indiana state court decision on point and thus "has failed to meet its burden of demonstrating an actual conflict exists" with Illinois law). Moreover, the decision in *Newmont*, while addressing the common interest doctrine, did not discuss the issue of whether the cooperation clause in an insurance policy would extinguish privilege, as the *Waste Management* court had held as an independent basis for its ruling. Thus, that case would still provide no basis for this Court to find a conflict between New York law and *Waste Management.*

Plaintiff also attempts to support its claim of a conflict by citing to two cases from intermediate New York courts, but neither of those cases involve the privileges that can be asserted by an insurance policyholder. Instead, both involve a dispute between two insurers (one a reinsurer) and thus are inapposite to the situation here (and in *Waste Management*), which involves a dispute between a policyholder and its insurer. New York caselaw has recognized that the "relationship between an insured and insurer stands in stark contrast to a relationship between an insurer and a reinsurer" and thus decisions involving two insurers are not relevant to situations involving a policyholder and its insurer. *Am. Re-Ins. Co. v. U.S. Fid. & Guar. Co.*, 40 A.D.3d 486, 491, 837 N.Y.S.2d 616 (2007).

4

Because Plaintiff has failed to meet it burden to establish that New York law is decidedly in conflict with the law of Illinois, no conflict of law analysis is appropriate and the holding in *Waste Management* must apply. *Bridgeview*, *Id, See also, RS Investments Ltd. v. RSM US, LLP*, 2019 IL App (1st) 172410, ¶ 18, 125 N.E.3d 1206, 1216 (failure to demonstrate a choice-of-law issue means that Illinois law is controlling").

      3. <u>There is no Basis for Applying New York Law under a Conflict of Law Analysis.</u>

There is no reason to apply New York law even if this Court performs the applicable conflict analysis under Section 139 of the Restatement. Under that analysis, courts must first determine if there is a significant relationship between the communications at issue and the state whose law is being urged. *Allianz Ins. Co. v. Guidant Corp.*, 373 Ill. App. 3d 652, 70 (2d Dist. 2007). Plaintiff asserts that all of its "communications with its *outside counsel* have taken place from New York State to and from New York-licensed and New York-based attorneys." (See, O'Connor Declaration attached to Plaintiff's Response as Exhibit A; emphasis supplied.) Plaintiff, however, says **nothing** about communications with inside counsel. Plaintiff also provides no evidence that any key officers or director of Magnetek who communicated with inside counsel were in New York at the time of the communications[1]. For this reason alone, a conflict of law analysis must reject application of New York law. *Id*.

Even if there were some New York connection with some of the communications at issue, the requisite four-factor analysis under Section 139 of the Restatement would dictate that Illinois law must still be applied.

---

[1] Plaintiff's Response makes an assertion regarding "key officers" but cites to a Declaration which makes statements only regarding lawyers; it is bereft of any statement regarding any officer or director of Magnetek.

a. Illinois has Significant Contracts with The Transaction at Issue; New York Does Not.

The first factor, which is the most important, looks at "the number and nature of the contacts that the forum state has with the parties and the transaction involved." *Allianz*, 373 Ill. App. 3d at 670. Plaintiff insists that this factor focuses on the locus of the communications at issue and thus favors New York law. But Plaintiff is wrong.

Contrary to Plaintiff's unsupported assertions, Illinois courts have made clear that in analyzing first factor: "the number and nature of the contacts that [a] state has with the ***communications* are of no moment."** *Allianz*, 373 Ill. App. 3d at 670 (emphasis supplied). Instead, the first factor requires a court to look at the number and nature of the contacts of the *parties* and with the *transaction* involved. *Id.* Here, there is no connection between the parties and New York. Magnetek is a Delaware Corporation with its principal place of business in Wisconsin. Travelers is Connecticut company with its principal place of business in that state. As for the transaction at issue, when privilege issues surround an insurer and its insured, the relevant "transaction" is **the issuance of the insurance policies at issue.** *Allianz Ins. Co.* at 670–71. Here, the Travelers policies were negotiated, underwritten, and issued by Travelers' Hartford, Connecticut underwriting office, with the assistance of its local field underwriting office in Chicago. (See, Affidavit of Robert J. Harris at ¶¶'s 6-7). The named insured under those policies, Northwest Industries, Inc., was headquartered in Chicago, Illinois, and enlisted the assistance of insurance broker Marsh & McLennan, based in Chicago, Illinois, to the Illinois headquarters of the corporate parent of Magnetek's predecessor in interest. (See, Harris Declaration *Id*. at ¶¶'s 4-5. As such, the vast majority, if not all, of the communications pertaining to the negotiation, underwriting, and issuance of the Travelers policies at issue took place in Illinois

6

or Connecticut. There is no indication that any of those communications took place in New York. *Id*. at ¶ 9.

Under similar facts, the *Allianz* court held that the first factor clearly favored Illinois, even over any foreign jurisdiction, and even when, unlike here, the defendant was a resident of the state whose law it urged. *Id.* at 671. The first factor would provide no basis for the application of New York law; instead it favors Illinois law. *Allianz Ins. Co. v. Guidant Corp.*, 373 Ill. App. 3d 652, 671, 869 N.E.2d 1042, 1059 (2d Dist. 2007).

Finally, "[o]nce the court has, by applying appropriate choice of law principles, determined the substantive law applicable to a claim based on state law, the privilege issues are determined by that same state's law." *United States Sur. Co. v. Stevens Family Ltd. P'ship*, No. 11 C 7480, 2014 WL 902893, at *2 (N.D. Ill. Mar. 7, 2014). This Court has previously concluded, and Magnetek has previously argued, that Illinois substantive law is applicable. (*See* July 11, 2019 Memorandum Opinion and Order, ECF 104, P. 7 ("Under Illinois law, which all parties agree applies in this case . . . ."); March 12, 2019 Magnetek's Memorandum of Law in Support of Motion for Partial Summary Judgment Requiring Travelers to Defend, ECF 72, P.2 n.2 ("Magnetek believes that Illinois law controls and is not aware of any contrary understanding by Travelers.") Privilege issues should thus also be determined under Illinois law. *Stevens Family*, 2014 WL 902893, at *2.

### b. The Documents Sought Are Material to This Case and Cannot Be Obtained from Any Other Source

The second of the Restatement factors involves the materiality of the evidence. This factor will favor the disclosure required by Illinois over the privilege of another jurisdiction when the evidence is relevant to the issues in the case and can't be proved in another way. *Allianz Ins.*, *Id.* at 671. Plaintiff does not claim that the information sought could possibly be obtained in any other way, thus conceding this issue. But Plaintiff insists that the information is not material. In support

7

of this argument, Plaintiff does **not** maintain that the discovery sought is irrelevant to the issue of whether it breached its duty to cooperate by filing the New Jersey lawsuit without Travelers' approval. Rather, Plaintiff claims that the material is irrelevant based on the premise that at the time the New Jersey lawsuit was filed, Travelers had purportedly already breached its obligations to Magnetek by denying coverage. But Plaintiff's premise is entirely faulty.

As explained in detail in Defendants' Motion for Reconsideration[2], at the time that Magnetek filed the New Jersey action, Travelers could not have breached any obligation to Magnetek by supposedly improperly "denying coverage," because nothing had occurred at that time which would have triggered an obligation of Travelers to provide any coverage. No lawsuit had been filed against Magnetek which could have triggered a duty to defend, and no money had been paid by Magnetek which could trigger the duty to indemnify. (See, ECF 107, Memorandum in Support of Motion to Reconsider at Pp 3-4.) The Motion for Reconsideration also informed this Court that Defendants would need the discovery sought here in order to respond to the claims that Plaintiff had added to this lawsuit after it had already filed for summary judgment.

After a hearing on the Motion for Reconsideration, during which Plaintiff made the same argument as in its Response, this Court permitted the discovery sought here, recognizing the materiality of that discovery to the issue of whether Plaintiff breached its duty to cooperate. (See, Transcript of Proceedings, ECF, 121, P. 11, Lines 19-25, P. 12, Line 1.) This Court also recognized that Defendants did not have the opportunity to obtain that material prior to this Court's ruling on summary judgment. (See, Transcript of Proceedings, ECF, 121, P. 10, Lines 17-24.)

---

[2] As set forth in the Motion for Reconsideration, at the time of this Court's original ruling it had not had the benefit of briefing on this issue because Plaintiff had not filed a complaint based on purported duties in connection with the New Jersey lawsuit. Only after Defendants had responded to Plaintiff's summary judgment motion on the original complaint did Plaintiff seek to file an amended complaint making a claim based on the New Jersey lawsuit and Defendants were denied any opportunity to explain why it would need discovery in connection with the proposed Amended Complaint.

Accordingly, this second factor clearly favors the application of Illinois law. *Id.*

### c. The Common Interest Doctrine/Cooperation Clause Exception to Privilege Has Been Well Established

The third factor looks at whether the privilege doctrine involved is well established. *Allianz* at 671. Plaintiff claims this factor does not favor Illinois, insisting that the "majority of jurisdictions" reject the holding in *Waste Management* that the common interest privilege between insurers and policyholders and the cooperation clause in insurance contracts are reason to find attorney-client privilege inapplicable.

Plaintiff's premise that *Waste Management's* holding has been roundly rejected is faulty. Plaintiff cites only a few state court holdings in supposed support. (See, Opposition at P. 9, and f.n. 2). The non-New York cases Plaintiff cites are more than twenty years old. (*Id.*) Their age is relevant because, while Illinois courts at one time noted that *Waste Management* lacked wide acceptance**,** more recent case law has recognized that this is no longer true, if it ever indeed was**.** See, *Robert R. McCormick Found. v. Arthur J. Gallagher Risk Mgmt. Services, Inc.*, 2018 IL App (2d) 170939, ¶ 14, aff'd in part, reversed in part on other grounds, 2019 IL 123936.

Said the *McCormick* court, "it is true that this court and others" had been critical of *Waste Management* and found its holding to be in the minority, but, "we acknowledge today that our criticism might have been **unfair and ultimately unwarranted**." *Id.* (emphasis supplied.)The *McCormick* court went on to recognize that today "while not every jurisdiction adheres to the precise contours" of *Waste Management,* "every federal circuit and 46 states recognize at least some form of the common-interest exception to the attorney-client privilege in discovery" and that "[s]ome jurisdictions even recognize a more expansive variation of the doctrine…" *Id.* Indeed, said the court, its prior discussion of *Waste Management* "failed to recognize that the concepts underlying that decision have received near-universal acceptance." *Id.* (collecting cases).

9

Moreover, Plaintiff's assertion ignores that courts in this district, applying federal law (in the context of the work product privilege), far from rejecting *Waste Management*, have explicitly found that a policyholder's duty to cooperate and common interest negates privilege, using similar reasoning to the decision in *Waste Management*. (See the discussion of federal law infra. Pp.12-13, citing *Artra 524(g) Asbestos Tr. v. Transp. Ins. Co.*, 09 C 458, 2011 WL 4501375, at *7 (N.D. Ill. Sept. 28, 2011);*Abbott Laboratories v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 409 (N.D. Ill. 2001); *Dendema, A.B. v. Denbur, Inc.*, 2002 WL 54551, at *3–4 (N.D. Ill. Jan. 15, 2002)).

The third factor provides no reason for this Court to abandon Illinois law in favor of that of New York.

### d. Fairness Does Not Require that New York Law Be Applied in Favor of a Delaware Corporation with Its Principal Place of Business in Wisconsin.

The final factor considers whether a party would likely rely upon the law of a specific jurisdiction. There is nothing in the record to support Plaintiff's claim that, as a Delaware corporation with its principal place of business in Wisconsin, Plaintiff would have relied on New York privilege law, just because it chose to retain New York-based attorneys (and as set forth above, there is no clear law on this issue in New York in any event). This factor does not favor the application of New York law. Moreover, even if this factor did not favor the application of Illinois law, that would not be sufficient to apply New York law. *Allianz at* 672 (even when **two of the four** factors favored application of law other than that of Illinois, *Waste Management*, "should be applied in order to "promote Illinois's discovery-oriented view of the attorney-client privilege and the work-product doctrine.")

### 4. There is no Basis on which to Distinguish *Waste Management*.

Faced with the fact that it cannot evade *Waste Management,* Plaintiff makes meritless attempts to distinguish that case. To differentiate the case at bar, Plaintiff notes that the cooperation

clause here does not, unlike in *Waste Management*, explicitly require the insured to give the insurer information. But this argument fails; it ignores *Waste Management's* supplemental opinion, which assumed, *arguendo*, that "the insurance contract may not, as insureds assert, expressly state that insureds have a duty to provide all information and assistance," but said it did not change the ruling. *Waste Mgmt.,* at 205; See also *Allianz* at 663 (discussing cooperation clause similar to the one at bar which did not specifically require the turnover of information and holding that a "fair reading" of that clause required the production of documents, thus negating any claim of privilege.)

Without merit is Plaintiff's claim that any duty to cooperate is extinguished because of conflicts which purportedly would require Travelers to merely pay for the costs of defense, rather than actually defend the underlying actions. In *Waste Management,* only the duty to pay for the defense was at issue (the same duty that arise when a conflict exists) and the Court rejected any argument that this eliminated the duty to cooperate. *Waste Mgmt.,* at 205. Indeed, cases from this district have recognized that this argument is "contrary to both the letter and spirit of the *Waste Management* decision." *Artra 524(g) Asbestos Tr. v. Transp. Ins. Co.*, 09 C 458, 2011 WL 4501375, at *6 (N.D. Ill. Sept. 28, 2011). As the *Astra* court noted, the Illinois Supreme Court held that a policyholder's obligation to cooperate "continues for as long as the insured is asking the insurers 'to perform their end of the bargain' (i.e., pay the claims). *Id.* at 328. "The fact that the parties are now adverse concerning the interpretation of such policy terms does not negate the insured's contractual duty." *Id.*

Moreover, the cases that Plaintiff cites in support of its argument that the duty to cooperate and provide information to the insurer are not on point. See, Response at P. 13, citing, inter alia, *Hartz Const. Co., Inc. v. Vill. of W. Springs*, 2012 IL App (1st) 103108, ¶ 27. That case does not

11

deal with the question of privilege and in any event, **the court's holding was that there was in fact neither an express nor implied cooperation clause at issue**. It is thus of no aid to Plaintiff. See, *BorgWarner, Inc. v. Kuhlman Elec. Corp.*, 2014 IL App (1st) 131824, ¶ 33, 23 N.E.3d 511, 524 (holding in case where conflict of interest arose that cooperation clause negated claims of privilege and finding *Hartz* "to be inapposite" because in Hartz, "the indemnity contract did not contain any express language mandating a duty of cooperation."). Likewise, the other cases cited as support by Plaintiff fails to address issues of privilege and explicitly find that no cooperation obligation was present. See, e.g., *Montgomery Ward & Co., Inc. v. Wetzel*, 98 Ill. App. 3d 243, 252, 423 N.E.2d 1170, 1178 (1st Dist. 1981)(noting that there was no cooperation clause and distinguishing from cases where there were).

Finally, wholly without logic is Plaintiff's contention that this Court should not apply *Waste Management* because the relevant insurance policies were issued prior to the issuance of that decision and thus that "the parties could not have intended that the contractual language would operate as a waiver of attorney-client privilege." (See, Response P. 12.) This argument is meritless because the same is true of the parties to the *Waste Management* action; their policies were issued (obviously) prior to the decision. The *Waste Management* holding did not operate only prospectively. Plaintiff has no basis for avoiding application of that decision here.

### E.    Plaintiff cannot Avoid Discovery Based on the Work Product

Plaintiff also argues that the work product doctrine permits it to shield its documents from disclosure because federal law, rather than Illinois law, applies to the work product doctrine. While it is true that federal law applies to the work product doctrine, Plaintiff's assertion that this allows it to evade discovery is without merit. Courts in this district, applying federal law, but using the same rationale as the court in *Waste Management*, have found that the common interest doctrine

and the cooperation clause in insurance policies entirely negate the ability of a party like Magnetek

to shield documents from discovery under the auspices of the work product doctrine. *Artra 524(g)*

*Asbestos Tr. v. Transp. Ins. Co.*, 09 C 458, 2011 WL 4501375, at *7 (N.D. Ill. Sept. 28,

2011)(holding under federal law that common interest privilege prevented a policyholder or its

counsel from asserting protection for materials prepared with respect to the underlying claims);

*Abbott Laboratories v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 409 (N.D. Ill. 2001)

(policyholder's duty to cooperate renders privilege inapplicable); *Dendema, A.B. v. Denbur,*

*Inc.*, 2002 WL 54551, at *3–4 (N.D. Ill. Jan. 15, 2002) (holding under federal law that cooperation

clause of the insurance policy overrides any privilege.) Plaintiff cannot hide behind the work

product doctrine to avoid the motion to compel

### F.      Plaintiff waived any privilege it might have had by failing to comply with the Federal Rules

As set forth in the opening Motion to Compel, Plaintiff has flouted the rules of procedure

by i) failing to comply with the requirements of Rule 34 requiring that any objection must state

whether any responsive materials are withheld on that basis and ii) failing to produce the privilege

log required by Rule 26. Plaintiff's Response does not even offer an explanation for its failure to

comply with Rule 34. This alone should be grounds to find that Plaintiff waived its objections.

Plaintiff does try to justify its failure to produce a privilege log, claiming that district courts in

other jurisdiction have found this permissible when a party has other valid objections, in addition

to privilege, which need to be resolved first. But as noted above, the only other objections were

improper general objections which Plaintiff has not even attempted to justify as being made in

good faith. As Plaintiff's own case law indicate, these baseless objections were no grounds on

which to refuse to produce a privilege log and provide no reason why this Court should allow

Plaintiff to escape waiver. See, Response P. 11, citing *United States v. Philip Morris, Inc.* 347 F

3d 951, 954 (emphasis supplied) (noting that waiver need not be the consequence of failure to produce a privilege log when "party *reasonably believed* [objections other than privilege] applied to the document.").

Plaintiff also cites one case law from another jurisdiction which did not require a privilege log when the only documents sought in a request unquestionably were covered by attorney client privilege. But, even if this Court would adhere to the same rule, this does nothing to excuse the failure to provide a privilege log with respect to Request No. 2 which seeks documents concerning Plaintiff's internal corporate decision making and thus unquestionably is not limited to purportedly privileged documents. Indeed, as set forth in the opening motion, Plaintiff agreed to produce non-privileged documents in Response to Request No. 2[3], thus fully acknowledging that not only purportedly privileged documents were sought.

The bottom line is that Plaintiff is flouting the requirements of the federal rules and this Court should thus find that Plaintiff has waived its ability to claim privilege to the extent such privilege even exists. *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 168 (S.D.N.Y. 2014). While some courts have only required a party who has not complied with the requirements of Rule 26 to belatedly produce the requisite privilege log, rather than impose a wavier, this "effectively tells practitioners they can flout the Court's Rules and incur no sanction other than an Order directing compliance with the rules." *Id.* "The cases imposing waiver appear to express the better view of the appropriate remedy in the event a party fails to timely provide the privilege list." *Id.*

**G. Velsicol should not be excluded from a review of the relevant documents.**

Finally, Plaintiff claims that Velsicol should not be granted review of the documents at issue here because it is not "in privity of contract" with Magnetek. But as an indemnitor of

---

[3] Despite Plaintiff's promise to produce documents it has still failed to do so.

Travelers, and thus the party who could ultimately be responsible for any obligation to Plaintiff, Velsicol has stepped into the shoes of Travelers and has the same interests as Travelers, including a common interest with Plaintiff regarding the underlying litigation. See, *McCormick v. Gallagher Risk Mgmt. Services, Inc.*, 2018 IL App (2d) 170939) (party ultimately responsible for underlying litigation has joint interest with insured).

**VELSICOL CHEMICAL, LLC.**


By: */s/ Steven P. Blonder*
      One of Its Attorneys

15

## CERTIFICATE OF FILING AND SERVICE

I, Steven P. Blonder, an attorney, hereby certify that I caused a true and correct copy of the

*Velsicol's Reply in Further Support of Motion to Compel Production of Documents* to be

electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern

Division by using the CM/ECF system, which will send notification of such filing to the following

recipients on this 26th day of June, 2020:

Timothy D. Elliott
Rathje & Woodward
300 E. Roosevelt Road, Suite 300
Wheaton, IL 60187
telliott@rathjewoodward.com

Joseph B. Schmit
Phillips Lytle LLP
340 Madison Avenue, 17th Floor
New York, NY 10706
jschmit@phillipslytle.com

Ryan A. Lema
Phillips Lytle LLP
One Canalside, 125 Main Street
Buffalo, NY 14203
rlema@phillipslytle.com

Lauren B. McMillen
Kenneth C. Newa
Plunkett Cooney, P.C.
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
lmcmillen@plunkettcooney.com
knewa@plunkettcooney.com

*/s/ Steven P. Blonder*

16

10931188_1